NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1441
_____

ARIANA WORLD WIDE SHIPPING LLC,
                                        Appellant
v.

ARIANA WORLDWIDE USA, INC.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2:20-cv-14655)
District Judge: Honorable Madeline C. Arleo
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 3, 2024
_____

Before: SHWARTZ, MATEY, and McKEE, *Circuit Judges*

(Filed: May 16, 2025)
_____

OPINION*
_____

_____

*This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Ariana World Wide Shipping LLC (Ariana Dubai) exports used cars to Dubai from the United States. Ariana Dubai sued Ariana Worldwide USA, Inc. (Ariana NJ) alleging Ariana NJ never delivered 119 promised vehicles between 2019 and 2020, and seeking alleged lost profits, resulting from a consequent decline in its business. Before trial, the District Court granted Ariana NJ's motion to exclude certain evidence and entered judgment as a matter of law for Ariana NJ on Ariana Dubai's breach of fiduciary duty and tortious interference claims. After a full trial, the jury reached a verdict against Ariana Dubai for unjust enrichment and a verdict for Ariana Dubai on its claims of conversion and bailment. We will affirm those decisions.[1]

**I.**

First, the District Court did not abuse its discretion in excluding the testimony of proffered lay witness Amin Ullah Haji Saidi Jun Ullah, head of Ariana Dubai's accounting department, because his testimony would not have been "helpful to . . . determining a fact in issue." Fed. R. Evid. 701(b). Lay opinions on lost profits may be admitted when "the witness ha[s] adequate personal knowledge in light of his in-depth

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1332(a)(2) and we have jurisdiction under 28 U.S.C. § 1291. We review the District Court's evidentiary rulings for abuse of discretion, *Acumed LLC v. Advanced Surgical Servs., Inc.*, 561 F.3d 199, 211 (3d Cir. 2009), and review de novo the order of judgment as a matter of law, *Norman v. Elkin*, 860 F.3d 111, 122 n.13 (3d Cir. 2017). Judgment as a matter of law is appropriate when, "if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 88 (3d Cir. 2000) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)).

experience with the business's contracts, operating costs, and competition." *Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 81 (3d Cir. 2009). But an "opinion based on false assumptions is unhelpful in aiding the jury in its search for the truth, and is likely to mislead and confuse." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1175 (3d Cir. 1993) (quotation marks and citation omitted).

Ullah testified that Ariana Dubai had suffered $1.19 million in lost profits, a figure he derived from the decline in shipping volume from forty-two customers whose vehicles Ariana NJ converted or refused to release to Ariana Dubai. But Ullah failed to give precise answers to basic questions about Ariana Dubai's business, including how many customers the company had in 2020. He offered no comparative analysis of the decline in shipping volume between the forty-two customers affected by Ariana NJ's actions and the unaffected customers to see whether the decline stemmed from those acts. And he lacked evidentiary support for many of his claims, making them unfounded speculation. In all, the District Court did not err in concluding this testimony, riddled with false and unsupported assumptions, would confuse the jury. *See Lightning Lube*, 4 F.3d at 1175.

Second, the District Court did not err in excluding Ariana Dubai's business loss report comparing the number of shipping containers loaded in 2019 and 2020, because Ariana Dubai never provided Ariana NJ with the data underlying the calculations and "[t]he proponent must make the underlying originals or duplicates available for examination or copying." Fed. R. Evid. 1006(b). Additionally, when "calculations [go] beyond the data they summarize[] and include[] several assumptions, inferences, and projections" then "the proposed evidence is . . . subject to the rules governing opinion

3

testimony." *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650 (3d Cir. 2007). Here, the calculations of lost profits were based on a lay witness's assumptions about the causes of the decline in shipping volume, so they were not a summary to "prove the content of voluminous admissible writings." Fed. R. Evid. 1006(a). Instead, this evidence was opinion testimony in the guise of a summary and was properly excluded.[2]

Third, the District Court did not abuse its discretion in excluding pre-suit letters between counsel for Ariana Dubai and Ariana NJ. "Under the Federal Rules, relevant evidence is generally admissible, and irrelevant evidence is not." *Forrest v. Parry*, 930 F.3d 93, 114 (3d Cir. 2019). Evidence is relevant if it "has any tendency to make a fact more or less probable" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The letters contained demands from Ariana Dubai's counsel about disputed vehicles and Ariana NJ's response. Rather than admitting the letters, the District Court entered a stipulation stating that Ariana Dubai made a demand that Ariana NJ refused. That was enough to convey the factual importance of the letters, without also admitting the underlying documents containing irrelevant legal arguments and conclusions. And

---

[2] Even if Ullah's testimony and Ariana Dubai's business loss report were admissible, they were insufficient to support damages for lost profits. *See Lightning Lube*, 4 F.3d at 1176–78. New Jersey law requires that a plaintiff seeking lost profits must prove damages with "reasonable certainty." *Id.* at 1176.

But the evidence here provides no such certainty. As the District Court observed, "the witness was not even able to explain . . . his own business." App. 565. Indeed, Ullah undertook no comparative analysis nor explained how broader market trends affected his estimate of lost profits. Thus, the District Court correctly found that "the witness . . . demonstrated" that his testimony "was speculative," would "not be reasonably valuable," and "would not establish damages with any kind of reasonable certainty." App. 571; *see also Lightning Lube*, 4 F.3d at 1177.

4

even if they were relevant, they would be excludable because their probative value was "substantially outweighed by a danger of . . . unfair prejudice [and] confusing the issues." Fed. R. Evid. 403.

Fourth, the District Court properly dismissed Ariana Dubai's tortious interference claim. New Jersey law requires that a plaintiff establish "damages resulting from the defendant's interference." *Lightning Lube*, 4 F.3d at 1167; *see also Printing-Mart Morristown v. Sharp. Elec. Corp.*, 563 A.2d 31, 37 (N.J. 1989) (per curiam). Because Ariana Dubai only produced speculative and inadmissible evidence of lost profits, it could not make a prima facie showing of damages.

Finally, Ariana Dubai argues that the District Court erred in entering judgment as a matter of law on its breach of fiduciary duty claim. Under New Jersey law, "[t]he essence of a fiduciary relationship is that one party places trust and confidence in another who is in a dominant or superior position." *F.G. v. MacDonell*, 696 A.2d 697, 703–04 (N.J. 1997). The party in a superior or dominant position "is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship." *Id.* at 704. Here, Ariana Dubai conceded it held the dominant position. The District Court's judgment was proper.

\* \* \*

For these reasons, we will affirm the District Court's judgment.